Pearson. J.
The plaintiff’s counsel prayed his Honor to instruct the jury, that, upon the whole case, if they believed *252 the testimony, there was negligence on the part of the defendant. This instruction was refused; and for this the plaintiff excepts.
The terms used by the plaintiff are so general as to impose on him the disadvantage of having all the testimony, where it conflicts, taken against him. But even with this allowance, there was negligence on the part of the defendant.
The plaintiff’s unfinished raft’ was fastened at a usual landing place, where rafts were sometimes constructed, and descending rafts were frequently taken up. It could be seen by the hands on a descending raft at the distance of seventy-five or eighty yards; and they could without difficulty avoid a collision, if it was seen at any time before coming within fifty yards. The defendant, without looking to see, whether the landing was pre-occupied, as there was reason to suppose it might be, approached so near, that when the plaintiff’s raft was seen, it was too late, and the collision was inevitable. These are the facts. They establish negligence, and fix the defendant with a liability to make compensation for the damage.
Common prudence requires, and, in fact, it would seem to be a natural impulse, that one, on a descending raft, before deciding to “ take up” at a usual landing place, should look and see whether it was pre-occupied, as soon as he came to a position, from whence the fact could be ascertained-, and, at all events, before coming so near, that seeing could do no good, and the consequences be the same, as if he had not looked at all, but, having decided to “ take up” at that place, approached blindly and without regard to the damage he might cause to others.
If the plaintiff’s raft had been in a position, from which it could not be seen in full time to avoid a collision, it might have been his duty to keep a hand there or fix up a signal in order to give notice; but such was not the case, and the entire fault was on the part of the defendant,
*253 What amounts to negligence, is a question of law. This is settled by numerous cases. And the plaintiff was enticed to special instructions upon certain facts presented by the testimony, or “ upon the whole case,” if he chose to subject himself to the disadvantage above pointed out. Consequently, it is error to refuse such special instructionsf when prayed for, and to submit the matter to the jury “ broad cast,” with the genera] instruction, that “ the plaintiff was entitled to recover, if the defendant did not use such care, as an ordinary prudent man would use in the management of his own affairs.”
Per Curiam. ' Venire dc novo awarded.